### W. L. DOAK ET AL. v. T. T. MOORE ET AL.

Decided January 22, 1908.

**Chattels—Fixtures—Mortgage—Homestead.**

When chattels have become so attached to the freehold as to make them fixtures and change their character into realty, a mortgage upon them by the husband or by the husband and wife is void if the land is the homestead at the time of the mortgage, and no intention or agreement to the contrary by and between the mortgagor and mortgagee can make the mortgage valid.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*A. W. Gibson* and *A. M. Monteith,* for appellants.

*Durrett & Pendleton* and *D. W. Puckett,* for appellees.

KEY, ASSOCIATE JUSTICE.—T. T. Moore and others brought this suit upon a promissory note executed by W. L. Doak. Certain other persons were made parties defendant, as to all of whom, except Charles T. Loucks, the plaintiff dismissed before the case was tried.

There was a jury trial which resulted in a verdict and judgment for the plaintiffs against the two defendants, W. L. Doak and Charles T. Loucks, for $320 and interest and attorney's fees. Doak was the maker of the note, but the defendant Loucks was not, and the plaintiffs sought to hold him liable (1) upon his alleged promise to pay the note as part consideration for a gin, gin-house, boiler, engine, etc., purchased by him from Doak; and (2) upon the theory that if he did not promise to pay the note, the plaintiffs had a mortgage upon the property last referred to and Loucks converted that property to his own use, and thereby became liable to the plaintiffs for the amount of the note which was secured by the mortgage referred to.

The defendants' answer included special exceptions, general demurrer, general denial, and alleged that the chattel mortgage asserted by the plaintiffs was illegal and void because the gin and other property covered by the mortgage were, at the time of its execution, not chattels, but fixtures, so attached to real estate as to make them a part thereof. They also pleaded that the land upon which the gin and other property referred to was situated, was the homestead of W. L. Doak, who was a married man, and that the property covered by the mortgage, being fixtures, was part of his homestead, and that for that reason the mortgage was void.

There are many assignments of errors in appellants' brief, all of which have been considered, and none of which are regarded as showing reversible error except the seventh and fifteenth. The seventh complains of the court's charge wherein it undertook to define what would constitute a fixture. In that charge, among other things, the court told the jury that if at the time the mortgage was executed, W. L. Doak, by his words and acts, treated the property, not as realty or fixtures, but as personal property, and intended that it should be so treated in the mortgage, then the mortgage was valid and enforcible as . between Doak and plaintiffs. The court also charged the jury that if the mortgage was valid and Loucks bought with notice and converted the property he was liable to the plaintiffs for the amount due on the note.

The fifteenth assignment is predicated upon the action of the court in refusing a requested instruction to the effect that if the jury should find that the mortgaged property was fixtures and the land upon which it was situated was the homestead of the defendant Doak, then the mortgage was null and void. There was testimony tending to show that W. L. Doak and his family resided upon the five acres of land upon which the gin and other property were situated at the time the mortgage was executed, in such manner as to render that land the homestead of Doak and his wife. If the land was their homestead, and the property covered by the mortgage had been previously so attached to the soil as to render such property fixtures, then they were part of Doak's homestead, and he could not, either alone or joined by his wife, execute a valid mortgage thereon, except for purchase money or to pay for improvements upon it. With the exceptions referred to, our State Constitution declares that every attempt to create a lien upon the homestead of a married man shall be void. Doak was a married man and the head of a family at the time the mortgage was made; and the testimony of the witness Punchard tended to show that at that time he had such an interest in the land as would support the homestead right. It may be true that the superior title remained in his vendor, Punchard, and that afterwards, by agreement between them, that sale was rescinded and another deed executed by Punchard to Doak, after the mortgage in question was made. But if the property in controversy was so attached to the land as to be fixtures while Doak and his wife had a homestead right in the land, then the mortgage was void, and was not afterwards vitalized by a cancellation of the title upon which the homestead right was predicated. Hence, we hold that the charge complained of in the seventh assignment of error was erroneous, because if the property covered by the mortgage was a part of Doak's homestead he could not render the mortgage valid and take it out of the protection of the Constitution by agreeing and intending that the mortgaged property should be treated as chattels and no part of the homestead.

We are of the opinion that the court erred in refusing the requested instruction, referred to in the fifteenth assignment, intended to submit to the jury the question of homestead, because, if the

mortgage was void, Loucks could not be held liable for conversion of mortgaged property.

On account of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*